UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FREDDIE BEASLEY,

    Plaintiff,

v.   Case No. 3:18-cv-1338-J-39JRK

WARDEN J. GODWIN and
SGT. JAMES,

    Defendants.
_____

### ORDER

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. Plaintiff has moved to proceed in forma pauperis (Doc. 2).[1] He names as Defendants Warden J. Godwin and Sgt. James for violations under the Eighth Amendment. He asserts that Sgt. James assaulted him on June 11, 2018. As relief, Plaintiff requests that charges be brought against Sgt. James.

Plaintiff's Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(b), which provides that the Court may dismiss a complaint that, among other reasons, fails to state a claim upon which relief may be granted. Upon review of the Complaint, the Court opines that Plaintiff has failed to set forth

---

[1] The Court will rule on Plaintiff's motion to proceed in forma pauperis by separate order.

his claims sufficiently to enable the Court to engage in a proper review under § 1915(e)(2)(b) or to enable Defendants to respond to the allegations.

Plaintiff asserts that Sgt. James assaulted him on June 11, 2018, between 7:00 and 8:00 p.m. See Complaint at 4. He provides no details about the nature of the assault other than to say that it occurred "with an [sic] door that cause[d] injury to [his] side." See id. While Plaintiff references an injury and asserts that he visited the nurse twice, he does not state the nature of the injury. Plaintiff does not allege that Warden Godwin participated in or was present during the assault. See id. It appears Plaintiff names Warden Godwin because Plaintiff submitted a grievance reporting the assault. Plaintiff states the result of the grievance was a "cover-up." Id. at 7.[2] In section VI ("Relief") of the Civil Rights Complaint Form, Plaintiff explains that Warden Godwin "has allowed his employees to conduct themsel[ves] in an illegal manner," by "failing to correct . . . misconduct and covering up the situations [sic]." Plaintiff further states that Warden Godwin allowed "Sgt. James [to] physically abuse plaintiff . . . and nothing [was] done about it . . . ." Id. at 5.

---

[2] Plaintiff states that he attached to his Complaint "all documents from grievance procedures." See Complaint at 8. Plaintiff did not, however, attach any such documents.

If Plaintiff desires to proceed with his claims, he must file an amended complaint on the enclosed civil rights complaint form and in compliance with federal pleading standards. Federal Rule of Civil Procedure 8(a) requires a pleading to include a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 10(b) requires all averments of the claim be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To survive dismissal, a complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." Id. That a court must accept factual allegations as true does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

A viable claim under 42 U.S.C. § 1983 requires a plaintiff to establish two essential elements: the conduct complained of was committed by a person acting under color of state law, and this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Plaintiff is advised that supervisory liability has been rejected as a theory of recovery under 42 U.S.C. § 1983. Thus, a defendant who holds a supervisory position or is not directly

3

involved in day-to-day operations of the institution, such a warden, may not be held liable simply because a correctional institution staff member violated an inmate's constitutional rights. Although personal participation is not specifically required for liability under § 1983, there must be a causal connection between the defendant named and the injury sustained, and that causal connection must be more than the title or job description the supervisory official holds.

Moreover, simply failing to respond to or denying a grievance does not, by itself, make an individual liable for an alleged constitutional violation. See Jones v. Eckloff, No. 2:12-cv-375-Ftm-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (unpublished) ("[F]iling a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied.") (citing Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009)).

If Plaintiff chooses to file an amended complaint, he should assess his case and name as defendants only those individuals allegedly responsible for violating his federal constitutional rights. As such, he must identify only the responsible individuals as defendants. Plaintiff must also adhere to the following instructions.

1. The amended complaint must be marked, "Amended Complaint."

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation.

3. The amended complaint must state the full names of each defendant (to the extent Plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The list of defendants named on the first page must match the list of named defendants in section I.B.

5. The amended complaint (or a separate filing) must include current addresses for each defendant so the Court can direct service of process.

6. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief, and he should clearly state how each defendant is responsible for each alleged violation.[3]

7. In section V, "Injuries," there must be a statement concerning how **each** defendant's action or omission injured Plaintiff. Plaintiff should specify the nature of his injuries, keeping in mind that the Prison Litigation Reform Act (PLRA) requires a prisoner filing a civil rights action to allege a "physical injury." See 42 U.S.C. § 1997e(e).[4]

---

[3] Plaintiff may attach additional pages if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

[4] Section 1997e(e) of the PLRA provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Eleventh Circuit has clarified that, "in order to satisfy section 1997e(e), the physical injury must be more than de minimis, but need not be significant." Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999), reh'g en banc granted

8. In section VI, "Relief," there must be a statement of what Plaintiff seeks through this action. Plaintiff is advised that this Court may not grant him the relief he seeks in his Complaint—that charges be brought against Sgt. James.

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

---

and opinion vacated, 197 F.3d 1059 (11th Cir.1999), opinion reinstated in relevant part, 216 F.3d 970, 972 (11th Cir. 2000). While compensatory and punitive damages are precluded in the absence of a more than de minimis physical injury, "nominal damages may still be recoverable." Al-Amin, 637 F.3d at 1198.

The **Clerk** shall send Plaintiff a civil rights complaint form. By **December 19, 2018,** Plaintiff must complete the form, following the instructions provided in this Order and on the form, and mail the amended complaint to the Court for filing. Also by **December 19, 2018,** Plaintiff must mail to the Court one copy of the amended complaint (including exhibits)[5] for each named defendant. Failure to comply may result in the dismissal of this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of November, 2018.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

Jax-6
c:
Freddie James Beasley, # 836580

---

[5] Plaintiff may include exhibits, such as grievances or medical records. Plaintiff must individually number each exhibit in the lower right-hand corner of each exhibit. If his first exhibit has multiple pages, he should number the pages 1-A, 1-B, 1-C, etc.