UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FREDDIE BEASLEY,

    Plaintiff,

v.                                    Case No. 3:18-cv-1338-J-39JRK

WARDEN J. GODWIN and
SGT. JAMES,

    Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Freddie Beasley, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) and a motion to proceed in forma pauperis (Doc. 2). On November 26, 2018, the Court directed Plaintiff to file an amended complaint because his original Complaint was insufficient. See Order (Doc. 4). This case is before the Court on review of Plaintiff's Amended Complaint (Doc. 5). In his Amended Complaint, Plaintiff asserts Sgt. James used excessive force against him by slamming a door into Plaintiff's walker, injuring the left side of his body.[1] See Amended Complaint at 3, 4. In a grievance Plaintiff provides in support of his Amended Complaint (Doc. 5-1), he explains one of the handles of his walker dug into his side as a result of the door slamming into the walker. Plaintiff seeks injunctive relief and compensatory and punitive damages. Id. at 5.

---

[1] In his original Complaint, Plaintiff also named as a Defendant the Warden in his supervisory role. Plaintiff properly omitted the Warden from his Amended Complaint because the Warden did not personally participate in the alleged assault.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's complaint, a court must liberally construe the allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Ashcroft, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original). Plaintiff asserts Sgt. James used "excessive force," suggesting an Eighth Amendment violation. See Complaint at 4.

Construing Plaintiff's allegations liberally, as this Court must do, Plaintiff's allegations fail to state a claim for relief under the Eighth Amendment. "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson v. McMillian, 503 U.S. 1, 9 (1992). However, not "every malevolent touch" by a prison official constitutes a malicious and sadistic use of force. Id. at 10. To establish a violation of the cruel and unusual punishment clause, a plaintiff must allege "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986). De minimis uses of physical force, even if unnecessary, do not violate the Eighth Amendment provided the force is not "of a sort repugnant to the conscience of mankind." Hudson, 503 U.S. at 10 (quoting Whitley, 475 U.S. at 327). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. at 9 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).

There is simply no allegation in Plaintiff's complaint that would establish Sgt. James acted in a malicious or wanton manner or in a way that would be repugnant to the conscience of mankind. Although Plaintiff's allegations certainly support an inference that

3

Sgt. James's conduct was unnecessary and unkind, none of Plaintiff's allegations support a plausible inference that Sgt. James's conduct violated the Eighth Amendment. Plaintiff alleges no "more than ordinary lack of due care." Whitley, 475 U.S. at 319. What Plaintiff describes is conduct tantamount to a "push or shove," a de minimis use of force. Even Plaintiff himself describes the conduct as an unprofessional assault in violation of the state constitution. See Complaint at 2, 4. A violation of state law does not support a federal claim under § 1983. See Bingham, 654 F.3d at 1175.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of March, 2019.

BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Freddie Beasley

4